IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                Plaintiff,            OPINION AND ORDER

v.

                                          10-cv-280-wmc

GREGORY GRAMS, JANEL NICKEL,         10-cv-510-wmc
DYLAN RADTKE, C.O. MIECHUS,           10-cv-520-wmc
C.O. JAKUSZ, C.O. PIETROWSKI,          11-cv-110-wmc
MARY LIESER, AMY MILLARD,             12-cv-574-wmc
DAVID LIPINSKI, LORI ALSUM,
DIALIA SULIENE, C.O. RHODES,
ALICE ROGERS, K. LLOYD and
CAPTAIN TRATTLES,

                Defendants.

---

On April 18, 2013, this court held a telephonic preliminary pretrial conference in case 10-cv-280-wmc. The following Opinion and Order memorializes the court's rulings at that time, addresses subsequent events and sets forth a procedure for addressing plaintiff's remaining cases.

### April 18 Order and Follow Up

- Defendants' motion for clarification (dkt. 44) was granted. Defendants need not respond to plaintiff Carter's allegations that are outside the scope of the claims on which he was allowed to proceed, except to the extent those allegations may bear on issues of credibility or be otherwise relevant to the claims allowed.

- Carter was required to sign and file promptly an authorization for release of his medical records. By April 25, 2013, defendants' counsel was to notify the court in writing: (1) the date of receipt of Carter's medical authorization or (2) Carter's failure to provide the medical authorization. Counsel for defendants were also

given 21 days from the date of receipt of the medical authorization to file a response to Carter's motion for preliminary injunction. On April 22, 2013, defendants submitted a document stating that they received Carter's medical authorization and, on May 13, 2013, they filed a response to Carter's motion for preliminary injunction.

- Counsel for defendants were also to advise no later than the close of business on April 19, 2013, who would respond to the court's concerns regarding (1) the statements in the affidavit of Vern Stone (dkt. 47) in case 10-cv-280-wmc, which appeared to contradict sworn representations made to this court by defendants; and (2) plaintiff's representations that he is being denied access to his medically authorized tennis shoes and ankle braces despite being returned to general population. Defendants have provided the affidavits of Karen Anderson (the Health Services Manager at CCI) and Donald Morgan (an assistant to the security director at CCI), detailing the current state of plaintiff's medical care and access to his shoes.

- Counsel for defendants were to advise the court in writing by May 20, 2013, whether they oppose consolidation of Carter's pending lawsuits in this court: 09-cv-437-wmc, 10-cv-280-wmc, 10-cv-510-wmc, 110-cv-520-wmc, 11-cv-110-wmc and 12-cv-574-wmc. While defendants did not respond to this request, circumstances have changed somewhat since the April 18 hearing. In particular, the ongoing proceedings have called into question the most effective way to consider Carter's current claims regarding his shoes.

**Procedures Going Forward**

The court originally did not allow Carter to proceed in case no. 10-cv-280-wmc on claims regarding the provision of his shoes, determining that the claim could be litigated in case no. 09-cv-437-wmc. Since that time, however, the parties have filed numerous, additional submissions regarding Carter's shoes; and the court granted summary judgment to defendants in case no. 09-cv-437-wmc, which focused on Carter's claims of past harm regarding the denial of his shoes. Because case no. 09-cv-437-wmc is now closed and Carter wishes to pursue ongoing claims regarding the current provision of his shoes, the court's February 28, 2013 screening order in case no. 10-cv-280-wmc will be amended to allow Carter to proceed on Eighth Amendment deliberate indifference claims regarding the provision of his shoes.

The court is also preparing to release screening orders in Carter's remaining open cases. As is discussed in each of those forthcoming orders, the claims on which Carter will be allowed to proceed in those cases can be divided into two categories: (1) claims related to his health and medical treatment; and (2) claims regarding prison officials' efforts to prevent plaintiff from contacting the outside world or to retaliate against him for attempting to do so. The court concludes that the cases can be most efficiently litigated by consolidating the health-related lawsuits (case nos. 10-cv-280-wmc, 11-cv-110-wmc and 12-cv-574-wmc); and separately consolidating the lawsuits regarding plaintiff's First Amendment rights (case nos. 10-cv-510-wmc and 10-cv-520-wmc). These First Amendment cases will be set for a preliminary pretrial conference. The health-related lawsuits will proceed under the schedule already set in case no. 10-cv-280-wmc.

The only change to the existing schedule at this point, therefore, is that defendants will be given a new deadline for a motion for summary judgment based on a failure to exhaust administrative remedies because the existing deadline has already passed.

Accordingly, the court now orders:

ORDER

IT IS ORDERED that:

(1) Defendants' motion for clarification (dkt. 44 in case no. 10-cv-280-wmc) is GRANTED.

(2) The court's February 28, 2013 screening order in case no. 10-cv-280-wmc is amended to allow Carter to proceed on Eighth Amendment deliberate indifference claims regarding the provision of his shoes.

(3) Plaintiff's health-related cases, case nos. 10-cv-280-wmc, 11-cv-110-wmc and 12-cv-574-wmc, are hereby CONSOLIDATED. These cases will proceed under the schedule already set in case no. 10-cv-280-wmc, except that defendants may have until July 12, 1013 to file a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies.

(4) Plaintiff's First Amendment cases, case nos. 10-cv-510-wmc and 10-cv-520-wmc, are CONSOLIDATED. A telephonic preliminary pretrial conference for these cases will be held on June 27, 2013, at 10:00 a.m. before Judge Conley. Defendant shall initiate the call to the court.

Entered this 6th day of June, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge