IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                Plaintiff,                OPINION AND ORDER

  v.

                                                  10-cv-280-wmc
GREGORY GRAMS, et al.,                    11-cv-110-wmc
                                                  12-cv-574-wmc

---

JACKIE CARTER,

                Plaintiff,                OPINION AND ORDER

  v.

                                                  10-cv-510-wmc
DYLAN RADTKE, et al.,                      10-cv-520-wmc

---

.      In a June 7, 2013 order, plaintiff Jackie Carter's five remaining cases in this court were consolidated into two separate categories: his health care cases (10-cv-280-wmc, 11-cv-110-wmc and 12-cv-574-wmc) are proceeding in one lawsuit and his First Amendment cases (10-cv-510-wmc and 10-cv-520-wmc) in another. Carter has filed several motions in these cases that the court will address below.

MOTIONS FOR ASSISTANCE IN RECUITMENT OF COUNSEL

Carter has filed several motions for the court's assistance in recruiting counsel to assist him in these cases. As the court has explained many times to Carter, however, the court previously recruited counsel for the purpose of consulting with him about his claims and ultimately concluded that it was appropriate for Carter to proceed *pro se* in each of his lawsuits, rather than appoint new counsel. *See Carter v. Radtke*, Case No. 09-

cv-437-wmc, slip op. (Dec. 2, 2011). In any case, Carter has located counsel on his own and thus these motions will be dismissed as moot.

## MOTION TO COMPEL TELEPHONE COMMUNICATION

Carter's new counsel has filed a motion for the court to compel the Department of Corrections to permit Carter to speak with counsel on a secure telephone line "whenever it is necessary for Mr. Carter to properly access the court system through counsel." Stating that pre-arranged phone calls are not permitted, defendants oppose this request. Defendants further explain the somewhat-convoluted, collect-call policy under which Carter and counsel are able to make contact and does result in calls that are, in fact, secure.

Denial of attorney-inmate telephone communications are not part of Carter's First Amendment claims in cases 10-cv-510-wmc and 10-cv-520-wmc, and it is not the court's usual role to interfere with the inner workings of prison communications. Carter appears to be mistaken that attorney-inmate calls are not secure, and does not otherwise explain why such an unusual order from the court is necessary in this instance. As defendants point out, Carter and counsel remain free to use the collect-call system, meet in person at the prison or communicate through mail. The court will, therefore, deny this motion.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have filed motions for summary judgment in cases 10-cv-280-wmc, 10-cv-520-wmc and 11-cv-110-wmc based on Carter's failure to exhaust administrative

2

remedies regarding his claims in those cases. Although Carter has responded in at least some of these cases, counsel requests an opportunity to file a new response, and defendants do not object provided that they are allowed a reply. Because counsel's responses should help the court decide the exhaustion issue, this motion will be granted. Carter may have until September 5, 2013 to file responses, and defendants may have until September 12, 2013 to file their replies.

## MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Carter has motions for preliminary injunctive relief pending in case nos. 10-cv-280-wmc and 12-cv-574-wmc. In the court's experience, it is likely that these motions would benefit from counsel's review as much or more than the exhaustion motions. In Carter's latest submission, counsel does not explain whether he would like a similar chance to review those motions or would like the court to rule on them. Carter will have a short deadline to inform the court how he would like to proceed with respect to those motions.

## ORDER

IT IS ORDERED that:

(1) Plaintiff Jackie Carter's motions for the court's assistance in locating counsel to represent him are DISMISSED as moot.

(2) Plaintiff's motion for a court order to compel the Department of Corrections to permit Carter to speak with counsel on a secure telephone line outside of its normal procedures is DENIED.

(3) Plaintiff's motion for newly obtained counsel to file new responses to defendants' motions for summary judgment based on plaintiff's failure to exhaust is GRANTED. Carter may have until September 5, 2013 to file responses, and defendants may have until September 12, 2013 to file their replies.

(4) Counsel for plaintiff may have until August 22, 2013 to inform the court if he wishes to have an opportunity to supplement his client's position or if he would like the court to proceed with plaintiff's motions for preliminary injunctive relief.

Entered this 19th day of August, 2013.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge